FRANCISCO P. IRIZARRY, Plaintiff and Appellee, *v.* RAMÓN DÍAZ-OJEA, Defendant and Appellant.

No. 3516. Argued March 20, 1925.—Decided March 5, 1926.

*Angel A. Vázquez* for the appellant. *Benet & Souffront* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The complaint set up two causes of action. In the first plaintiff Francisco P. Irizarry, married to Providencia Morales, claimed from defendant Ramón Díaz Ojea an indemnity of three thousand dollars for mental anguish and damages suffered in his reputation and esteem among his neighbors by reason of certain words uttered by the defendant in the presence and hearing of more than three hundred persons, thereby defaming him and exposing him to public ridicule. In the second cause of action the plaintiff claimed four thousand dollars, based on the same facts, for mental anguish, lack of attention and affection of his wife, physical pain, nervous disturbance, and loss of friendship and public confidence by his wife. The complaint covers the ground fully and at first sight it may be observed that it was framed after a careful study of the facts and the jurisprudence applicable.

The defendant demurred on the grounds of misjoinder

of causes of action and lack of sufficient allegations, and answered with a general denial, alleging that because of a certain assault committed by the plaintiff's wife upon the defendant's daughter the defendant, under nervous excitement, reprimanded the plaintiff by telling him that it was improper for him to allow his wife to act as she did. He also pleaded res judicata.

The defendant died and a motion by the plaintiff that he be substituted by his heirs was sustained.

After trial the court dismissed, the first cause of action and sustained the second, adjudging that the heirs of Ramón Díaz Ojea pay to the plaintiff the sum of three hundred dollars and the costs.

The heirs appealed to this court and alleged that the trial court erred (1) in overruling a certain motion to strike: (2 and 3) in overruling demurrers; (4) in overruling the plea of res judicata; (5) in admitting certain evidence, and (6) in weighing the evidence.

We shall not consider the first three assignments for the reason that in our judgment they are wholly without merit.

The plea of res judicata was set up in the answer as follows:

"Likewise, and as a matter of opposition to the counts of the first cause of action, the defendant alleges:

" 'By a final judgment rendered by this court on December 13, 1922, in civil case No. 9254 brought by Providencia Morales, joined by Francisco P. Irizarry, against this defendant Ramón Díaz Ojea for damages by virtue of the same phrases and facts to which the complaint of the present plaintiff refers, this court dismissed the complaint in all of its parts on the merits of the evidence, wherefore the defendant now alleges that in the present case the presumption of res judicata exists because between this case and the one decided by the judgment mentioned there is the most perfect identity between the things, the causes, the persons of the litigants and their capacity as such.' "

At the trial the prosecution to judgment of the other action was shown, but the plaintiff contends, and we believe

he is right, that as that action was brought by Providencia Morales who had no right to bring it because the action pertained to the conjugal partnership, the judgment therein rendered can not be pleaded in bar of this action. That the action pertains to the conjugal partnership was held in the case of *Vázquez* v. *Valdés et al.*, 28 P.R.R. 431, and that decision has been ratified in that particular in the recent case of *Vázquez* v. *Porto Rico Ry., Light & Power Co., ante,* page 59.

Section 1219 of the Revised Civil Code provides that ''In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence (*sic*) and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.'' Case No. 9254 decided by the judgment of December 13, 1922, was in fact based on the same facts as this case, but it was brought by Providencia Morales personally, while in this case Providencia Morales appears as a member of the conjugal partnership composed of herself and her husband. The fact that she was joined by her husband in the first case does not change the situation. Hence the *perfect identity which the law requires between the litigants in the two cases* does not exist and therefore the plea of *res judicata* is of no avail.

The fifth assignment is stated as follows: ''The court erred in admitting in evidence, over the defendant's objection, the testimony of witnesses given at another trial.''

It occurred that when the witnesses called by the plaintiff were about to testify with respect to the words that they heard from Ramón Díaz, which constitute the basis of the action, the defendant objected on the ground that they were statements of a deceased person. It will be remembered that Díaz died and was substituted by his heirs. The plaintiff insisted that his evidence was pertinent. The defendant

continued to object and after a long debate the court refused to admit the evidence and the plaintiff excepted. Then the plaintiff said: "Now we can present here the stenographer of the court and the record of the former action in which this witness testified in the presence of Ramón Díaz Ojea, who had an opportunity to cross-examine him." The court said: "You may bring that evidence." The defendant said: "We take an exception." This was repeated several times and in all of them the ruling was substantially the same.

In his brief the defendant says: "With the admission of that evidence the trial court infringed, in our judgment, paragraph 6 of section 35 of the Law of Evidence, inasmuch as none of the witnesses whose testimony was admitted had died and they were present in the court with capacity to testify."

█ In our opinion the error committed is so clear that we can not reach any other conclusion than to reverse the judgment appealed from. Subsection 6 of section 35 of the Law of Evidence is positive. The testimony of a witness given in a former action between the same parties and relating to the same matter can be admitted only when the witness has died, or is out of the jurisdiction of the court or incapacitated to testify. Here the witnesses were present in the court. And the error is prejudicial because the judgment sustaining the complaint is based on the evidence so admitted.

The fact that a court commits an error, as the trial court did in this case, in not permitting the plaintiff's witnesses to testify as to the words uttered, according to the complaint, by Ramón Díaz Ojea, notwithstanding his having died before the trial, does not authorize the injured party to introduce evidence contrary to the law and over the objection of the other party.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.